## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER TAYLOR, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR VIOLATIONS** |
| | ) | **OF THE FEDERAL SECURITIES** |
| THORNE HEALTHTECH, INC., PAUL | ) | **LAWS** |
| JACOBSON, THOMAS MCKENNA, SARAH | ) | |
| KAUSS, RICCARDO BRAGLIA, | ) | JURY TRIAL DEMANDED |
| TOSHITAKA INUZUKA, and SALONI | ) | |
| VARMA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff Christopher Taylor ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action against Thorne HealthTech, Inc. ("Thorne" or the "Company") and its corporate directors for violating Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the proposed acquisition of the Company by *L* Catterton Management Limited. (*L* Catterton").[1]

2.      On August 27, 2023, Thorne entered into an Agreement and Plan of Merger

---

[1] The proposed acquisition of the Company will be referred to herein as the "Proposed Transaction."

("Merger Agreement") with Healthspan Buyer, LLC ("Parent") and Parent's wholly owned subsidiary Healthspan Merger Sub, Inc. ("Purchaser").[2]  The Merger Agreement provides that *L Catterton* will acquire Thorne in exchange for $10.20 in cash per share of Thorne common stock, via a tender offer (the "Tender Offer").[3]

3.      The Company's corporate directors subsequently authorized the September 14, 2023, filing of a materially incomplete and misleading 14D-9 Solicitation/Recommendation Statement (the "Solicitation Statement") with the SEC.  The Solicitation Statement, which recommends that Company stockholders tender their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  Defendants authorized the issuance of the false and misleading Solicitation Statement in violation of the Exchange Act.

4.      It is imperative that the material information omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the forthcoming Tender Offer deadline, so that they can properly exercise their rights, among other things.[4]

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

[2] Parent and Purchaser are affiliates of *L* Catterton.

[3] Purchaser commenced the Tender Offer on September 14, 2023.

[4] The Tender Offer is currently scheduled to expire at one minute following 11:59 p.m., Eastern time, at the end of October 12, 2023

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

9.      Plaintiff is, and has been at all times relevant hereto, the owner of shares of Thorne common stock.

10.     Defendant Thorne is a Delaware corporation with its principal executive offices located at 152 W. 57th Street, New York, New York 10019.  Thorne's shares trade on the Nasdaq Global Select Market under the ticker symbol "THRN."  Thorne describes itself as a science-driven wellness company developing products and services in the nutraceuticals industry.  The Company's predecessor entity, Thorne Research Inc., was founded in 1984 to make pure, high quality nutritional supplements to sell to health professionals.  Defendant Paul Jacobson ("Jacobson") and his management company acquired Thorne Research in 2010, forming the Company.  In early 2021, Thorne acquired Onegevity, which was previously co-founded by defendant Jacobson, combining Onegevity's proprietary multi-omics database, artificial

intelligence and digital health content with Thorne's science-backed nutritional supplements to deliver a total system for wellness.

11.     Defendant Paul Jacobson is and has been Chairman of the Board and co-founder, Chief Executive Officer and a director of the Company at all times relevant hereto.

12.     Defendant Thomas McKenna is and has been Chief Operating Officer and a director of the Company at all times relevant hereto.

13.     Defendant Sarah Kauss is and has been a director of the Company at all times relevant hereto.

14.     Defendant Riccardo Braglia is and has been a director of the Company at all times relevant hereto.

15.     Defendant Toshitaka Inuzuka is and has been a director of the Company at all times relevant hereto.

16.     Defendant Saloni Varma is and has been a director of the Company at all times relevant hereto.

17.     Defendants identified in paragraphs 11-16 are collectively referred to herein as the "Board" or the "Individual Defendants."

**SUBSTANTIVE ALLEGATIONS**

**The Proposed Transaction**

18.     On August 28, 2023, Thorne announced in relevant part:

NEW YORK, Aug. 28, 2023 /PRNewswire/ -- Thorne HealthTech, Inc. ("Thorne" or the "Company") (NASDAQ: THRN), a leader in delivering innovative solutions for a personalized approach to health and wellness, announced today that it has entered into a definitive agreement under which *L* Catterton, a leading global consumer-focused investment firm, will commence a tender offer to acquire all outstanding shares of common stock of Thorne for $10.20 per share in cash. The transaction value of approximately $680 million represents a 94% premium to the unaffected closing share price on July 20, 2023, and a 113% premium to the 30-

4

day volume weighted average price as of the unaffected date of July 20, 2023. Thorne's independent Special Committee and Board of Directors have each unanimously approved the agreement and recommend that all stockholders tender their shares in the tender offer.

"We are very pleased to have reached an agreement with *L* Catterton, which offers immediate liquidity at a significant premium to our stockholders," said Sarah Kauss, a member of Thorne's Board of Directors and Chair of the Special Committee of Thorne's Board of Directors.  "The transaction is the result of a thorough process overseen and directed by an independent Special Committee of the Board of Directors and is a wonderful outcome for Thorne and its stockholders.  The transaction is possible due to the hard work and dedication of Thorne's world-class team and, on behalf of the Special Committee and the whole Board of Directors, I'd like to thank the entire management team for everything they've done to build Thorne into a leading science-driven wellness company that empowers consumers with the support, education, and solutions they need to live a healthier life."

"This transaction is an excellent outcome for all of our stakeholders and marks the beginning of an exciting new chapter for Thorne," said Paul Jacobson, Chairman and Chief Executive Officer of Thorne.  "For over a decade, we have worked tirelessly to deliver on our mission to bring science-based solutions to the prevention space and empower consumers to live healthier lives longer.  *L* Catterton has an impressive track record of fostering the growth and success of leading global consumer brands.  Together with their deep expertise in the health and wellness industry, global reach, and extensive operational capabilities, I am confident *L* Catterton is the right partner to fuel Thorne's long-term growth."

"We have admired Thorne for many years given its uncompromising approach to science and innovation as well as its commitment to transforming consumers' lives and approach to health and wellness," said Marc Magliacano, a Managing Partner in *L* Catterton's Flagship Fund.  "As one of the pioneers of the wellness movement, Thorne continues to lead by example and is on the precipice of breakthrough products and technologies that will allow consumers to significantly extend their healthspans through personalized wellness programs developed by Thorne's proprietary dataset and protocols."

**Transaction Details**

Under the terms of the agreement, which was unanimously approved by Thorne's independent Special Committee and Board of Directors, *L* Catterton will commence a tender offer to acquire all of Thorne's outstanding shares of common stock for $10.20 per share in cash.  The transaction is expected to be completed in the fourth quarter of 2023, subject to customary closing conditions, including satisfaction of the minimum tender condition and receipt of regulatory approvals.

Subject to the terms and conditions of the agreement, following the completion of the tender offer, *L* Catterton will acquire any shares of Thorne that are not tendered in the tender offer through a second-step merger for $10.20 per share in cash.  Upon completion of the transaction, Thorne will become a privately held company and its shares of common stock will no longer be listed on any public market.

**Advisors**

CG Sawaya Partners (operating under Canaccord Genuity) served as exclusive financial advisor and Wilson Sonsini Goodrich & Rosati served as legal advisor to Thorne and the Special Committee of the Board of Directors.  BofA Securities served as financial advisor and Kirkland & Ellis LLP served as legal advisor to *L* Catterton.

## The Materially Incomplete and Misleading Solicitation Statement

19.     The Board caused to be filed the materially incomplete and misleading Solicitation Statement with the SEC on September 14, 2023.  The Solicitation Statement, which recommends that Thorne stockholders tender their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts; (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor, Canaccord Genuity LLC ("Canaccord"); and (c) potential conflicts of interest faced by Canaccord and Company insiders.

### *Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts*

20.     The Solicitation Statement fails to disclose material information concerning the financial forecasts for the Company, including the unlevered free cash flows that the Company was projected to generate for the six months ending December 31, 2023, and calendar years 2024 through 2028.[5]

---

[5] Canaccord relied upon these forecasts in connection with the preparation of its *Discounted Cash Flow Analysis*. *See* Solicitation Statement at 38-39.  To the extent any management forecasts have

21.     The Solicitation Statement further fails to disclose the line items underlying the Company's forecasted Adjusted EBITDA.

***Material Misrepresentations and/or Omissions Concerning Canaccord's Financial Analyses***

22.     The Solicitation Statement fails to disclose material information concerning Canaccord's financial analyses.

23.     With respect to the *Discounted Cash Flow Analysis* performed by Canaccord, the Solicitation Statement fails to disclose the Company's terminal values.

24.     With respect to the *Selected Public Companies Analysis* and *Selected Precedent Transactions Analysis* performed by Canaccord, the Solicitation Statement fails to disclose the respective individual financial metrics for each of the companies and transactions analyzed by the financial advisor.

***Material Misrepresentations and/or Omissions Concerning Canaccord's and Company Insiders' Potential Conflicts of Interest***

25.     The Solicitation Statement fails to disclose material information concerning potential conflicts of interest faced by Canaccord, including the details of any services Canaccord provided to the Company, *L* Catterton, or their respective affiliates in the prior two years, and any related compensation received by Canaccord.

26.     The Solicitation Statement also fails to disclose material information concerning Company insiders' potential conflicts of interest, including whether any of *L* Catterton's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

---

been disclosed (*see* Solicitation Statement at 31), the Company's unlevered free cash flows from 2023 through 2028 remain undisclosed.

27.     The omission of the above-referenced information renders statements in the "Certain Unaudited Prospective Financial Information," "Opinion of Canaccord Genuity LLC," "Employment Arrangements Following the Transactions," and "Background of the Offer and the Merger" sections of the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act.

28.     Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of Thorne will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims Against All Defendants for Violations of Section 14(d) of the
Exchange Act and SEC Rule 14d-9 Promulgated Thereunder**

29.     Plaintiff repeats all previous allegations as if set forth in full.

30.     Defendants have caused the Solicitation Statement to be issued with the intention of soliciting Thorne stockholders to tender their shares in the Tender Offer.

31.     Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

32.     Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

33.     SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and

the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

34.     Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

35.     The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Solicitation Statement false and/or misleading.

36.     Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading.  Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

37.     The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and the other stockholders of Thorne, who will be deprived of their right to make an informed decision whether to tender their shares if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.  Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## **COUNT II**

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

38.     Plaintiff repeats all previous allegations as if set forth in full.

39.     Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

40.     Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement to Thorne stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading.  Specifically, the Solicitation Statement misrepresented and/or omitted material facts concerning the financial forecasts for the Company, Canaccord's financial analyses, and potential conflicts of interest faced by Canaccord and Company insiders.

41.     Defendants knew that Plaintiff would rely upon their statements in the Solicitation Statement in determining whether to tender his shares pursuant to the Tender Offer.

42.     As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares.

## COUNT III

**Claims Against the Individual Defendants for Violations
of Section 20(a) of the Exchange Act**

43.     Plaintiff repeats all previous allegations as if set forth in full.

44.     The Individual Defendants acted as controlling persons of Thorne within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Thorne, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

45.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

46.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Solicitation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Solicitation Statement.

47.     In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Solicitation Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

48.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

49.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Thorne stockholders will be irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D.     Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.     Granting such other relief as this Court may deem just and proper.

## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated September 21, 2023                    **LONG LAW, LLC**

                                        By:  */s/ Brian D. Long*
                                             Brian D. Long (#4347)
                                             3828 Kennett Pike, Suite 208
                                             Wilmington, DE 19807
                                             Telephone: (302) 729-9100
                                             Email: BDLong@LongLawDE.com

                                             *Attorneys for Plaintiff*